<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEREK FENTEY DEY-EL,<br><br>                     Plaintiff,<br><br>v.<br><br>NED M. ROSENBERG, MICHAEL C.<br>GAUS, JAMES LUBRICH, CAROLINE<br>ADAMS, SILVIA GONZALEZ,<br>and SHAZEEDA SAMSUDEEN,<br><br><br>                    Defendant. | Civil Action No. 2:14-cv-07091 (SDW)<br>(SCM)<br><br><br>**OPINION**<br><br><br>July 15, 2015 |

**WIGENTON**, District Judge.

      Before this Court is a Motion to Dismiss the Complaint of Derek Fentey Dey-El ("Plaintiff") for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). The Motion was filed by the State of New Jersey on behalf of the Honorable Ned Rosenberg, Michael Gaus, James Lubrich, Caroline Adams, Silvia Gonzalez, and Shazeeda Samsudeen (collectively, "Defendants").

      Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated below, the Motion to Dismiss with respect to claims against the Honorable Ned Rosenberg, Caroline Adams, Silvia Gonzalez, and Shazeeda Samsudeen is **GRANTED**.[1]

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's Complaint is unclear and it very difficult to determine what Plaintiff intended to claim. Plaintiff alleges that "[a]n invitation dated December 4, 2013 was received from [the] Superior court child support division in regards to a claim made by Ned M. Rosenberg, Michael C. Gaus, James Lubrich, Coraline Adams, Silvia Gonzales, Shazeeda Samsudeen." (Dkt. No. 1, Compl., Ex. 1 at 2.) The Honorable Ned Rosenberg ("Judge Rosenberg") is a judge in the Superior Court of New Jersey, Chancery Division-Family Part. (Dkt. No 4, Ex. 2, 2.) Caroline Adams, Silvia Gonzalez, and Shazeeda Samsudeen ("Judicial Officers") are officers of the court in child support matters.[2] (*Id.*) It appears that Michael Gaus and James Lubrich are also associated with the court, but the capacity in which they worked has not been clearly established.[3] (*See generally* Dkt. No. 1.)

On January 13, 2014, Judge Rosenberg issued an order ("2014 Order") directing Derek Fenty Dey-El ("Plaintiff") to pay $5,066.06 in child support arrears. (Dkt. No. 5, Ex. A.) Thereafter, Plaintiff sent various communications to Defendants referring to the "Moorish Divine and National Movement." (*See, e.g.*, Dkt. No. 1, Ex. 1.) Plaintiff attached these communications as exhibits to his Complaint. (Dkt. No. 1, Ex. 1-6.) On April 15, 2014, Plaintiff sent a letter to Judge Rosenberg, asking various questions with respect to the child support order, such as, "Who

---

[1] As discussed briefly herein, claims against Michael Gaus and James Lubrich will also be dismissed.
[2] In the Superior Court of New Jersey, Essex Vicinage, Caroline Adams works as an Investigator in the Child Support Enforcement Unit and Shazeeda Samsudeen works as Chief Probation Officer. In the Superior Court of New Jersey, Hudson Vicinage, Silvia Gonzalez works as Chief Probation Officer. (Dkt. No. 4, Ex. 2 at 2.)
[3] Michael Gaus and James Lubrich have not moved to dismiss nor answered in this case.

is Derek Fentey Dey-El?"   (Dkt. No. 1, Ex. 2).   On September 16, 2014, Plaintiff asserted, *inter alia*, abuse of power and libel counterclaims against Defendants, for which he demanded a $150,000 settlement.   (*Id.*, Ex. 3.)   On September 17, 2014, Plaintiff sent a letter notifying Defendants of their alleged default on his settlement demand.   (*Id.*, Ex. 4.)

Plaintiff alleges that Defendants did not respond to the letters.   (Dkt. No 1, 1.)   On November 10, 2014, Plaintiff filed his Complaint requesting "a default judgment" against Defendants in their official and "private capacity" for "failure to respond [to] or otherwise defend" against the assertions in his letters.[4]   (Dkt. No. 1.)   The Complaint includes demands for compensatory and punitive damages.   (Dkt. No. 1, Ex. 1.)

On December 19, 2014, the State of New Jersey, on behalf of Judge Rosenberg and the Judicial Officers, filed its Motion to Dismiss for failure to state a claim and lack of subject matter jurisdiction.   (Dkt. No. 4.)   On May 28, 2015, Plaintiff filed a reply.   (Dkt. No. 11.)

**LEGAL STANDARD**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."   FED. R. CIV. P. 8(a)(2).   This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.   Factual allegations must be enough to raise a right to relief above the speculative level[.]"   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

---

[4] Plaintiff makes various other claims relating to the alleged fully or quasi-sovereign Moorish-American Zodiac Constitution.   (Dkt. No. 1, 2.)   Other courts have been presented with similar arguments and claims.   *See, e.g., Ali v. New Jersey*, 2012 U.S. Dist. LEXIS 150195 (D.N.J. Oct. 17, 2012).

In considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). (*Id.*)

## DISCUSSION

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 4, 17-18.) In the alternative, Defendants argue that they are entitled to immunity pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 4, 1, 7-16.)

### *Failure to State a Claim*

Plaintiff's Complaint is not clear or specific as to a cause of action or cognizable claim. As the Supreme Court has noted, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Here, Plaintiff seemingly claims that Defendants' lack of response to his various communications regarding the 2014 Order violate his Fourth and Fifth Amendment rights. (*See* Dkt. No. 1, Ex. 2, 4 ("Probation

Division, Child Support Enforcement on a Natural Person is Unconstitutional").)  The Complaint does not include facts establishing or supporting a cause of action.  Accordingly, Plaintiff's Complaint—with respect to all Defendants—is subject to dismissal for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[5]

***Immunity***

With respect to Judge Rosenberg, judicial immunity alternatively bars Plaintiff's suit for money damages.  *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (per curiam) (a judge "shall be free to act upon his own convictions, without apprehension of personal consequences to himself") (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).  A plaintiff can overcome judicial immunity only when the judge takes an action outside of the judge's judicial capacity or in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12.  Judicial immunity is a well-established, high bar to overcome.  *See Forrester v. White*, 484 U.S. 219, (1988); *Cleavinger v. Saxner*, 474 U.S. 193 (1985); *Dennis v. Sparks*, 449 U.S. 24 (1980).  In deciding whether an act is entitled to judicial immunity, the relevant inquiry is whether the nature and function of the act was judicial. *Mireles*, 502 U.S. at 13.

In the instant matter, Plaintiff's Complaint arises from Judge Rosenberg's order for child support arrears. (Dkt. No. 1, Ex. 2, 4) ("Probation Division, Child Support Enforcement on a Natural Person is Unconstitutional").  Judges are entitled to judicial immunity unless they act outside of their judicial capacity or in the complete absence of jurisdiction.  *See Mireles*, 502 U.S.

---

[5] The Court notes that Defendants Michael Gaus and James Lubrich have not answered the Complaint.  Since Plaintiff has merely listed them as Defendants without specifying any involvement or facts to support a claim against them, the Complaint's pleading deficiencies apply to those Defendants as well.  This Court, *sua sponte*, dismisses Plaintiff's claims against Michael Gaus and James Lubrich pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) (*sua sponte* dismissal appropriate if the basis for dismissal is "apparent from the face of the complaint").

at 11-12.  As Judge Rosenberg is a family court judge, he acted within his judicial capacity by issuing the order for child support arrears.  As such, this Court finds that Judge Rosenberg's absolute judicial immunity bars suit against him in this matter.

As officers of the Superior Court of New Jersey, the remaining Defendants are entitled to quasi-judicial immunity.  *Dotzel v. Ashbridge*, 438 F.3d 320, 325 (3d Cir. 2006) (internal quotation marks omitted) ("Quasi-judicial absolute immunity attaches when a public official's role is functionally comparable to that of a judge."); *Pell v. Ross*, No. A-4799-03T5, 2006 WL 572339, at *3 (N.J. Super. Ct. App. Div. Feb. 28, 2006) (finding quasi-judicial immunity for a probation officer who performed duties as required by court order compelling child support obligor's incarceration).  The factors to determine whether an official is entitled to quasi-judicial immunity include: (1) whether the official performs a traditional adjudicatory function such as deciding facts, applying law, and otherwise resolving disputes on the merits; (2) whether the official decides cases sufficiently controversial that, in absence of absolute immunity, the official would be subject to numerous damages actions; and (3) whether the official adjudicates disputes against the backdrop of multiple safeguards designed to protect parties' constitutional rights.  *Dotzel*, 438 F.3d at 325.  Here, all the remaining Defendants, as judicial officers, are entitled to quasi-judicial immunity given their functions with the court.

Even if the Judicial Officers were not entitled to quasi-judicial immunity, the Eleventh Amendment bars suit.  The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  (U.S. CONST. amend. XI.)

With few exceptions, sovereign immunity bars suit against a state in both federal and state courts even by the state's own citizens.  *See Alden v. Maine*, 527 U.S. 706, 119 S. Ct. 2240 (1999).  Sovereign immunity has been extended to state officers because the state is the real party in interest.  *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997).  Exceptions to Eleventh Amendment immunity may arise in cases of congressional abrogation of sovereign immunity, waiver by the state, or suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law.  *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

The Superior Court is an entity of the State of New Jersey, and thus, Defendants are all agents of the State of New Jersey.  (Dkt. No. 4, 8.)  As set forth in Plaintiff's Complaint and exhibits, Defendants did not act outside of the scope of their duties and are entitled to immunity. (*See generally* Dkt. No. 1.)  Plaintiff has not asserted an exception to Eleventh Amendment immunity or requested some form of prospective injunctive or declaratory relief to end an ongoing violation of federal law.  (*See generally* Dkt. Nos. 1, 11.)  Thus, the State's sovereign immunity applies.[6]

Moreover, even if Plaintiff clarified the allegations in his Complaint, Defendants are entitled to immunity. *See Bootay v. KBR, Inc.*, 437 Fed. Appx. 140, 147 (3d Cir. 2011) (internal quotation marks omitted) ("Among the grounds that could justify a denial of leave to amend [is] [. . .] futility.").

---

[6] The Judicial Officers may also be entitled to qualified immunity, but this Court does not address the arguments presented by Defendants regarding qualified immunity in detail as the Court will dismiss this matter on other grounds. *See generally Pearson v. Callahan*, 55 U.S. 223, 231 (2009) ("Qualified immunity balances two important interests— the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.").

**CONCLUSION**

For the reasons set forth above, the Motion is **GRANTED**. The claims against Michael

Gaus and James Lubrich are also **DISMISSED**. An appropriate order follows.


<u>s/ Susan D. Wigenton, U.S.D.J.</u>


Orig:          Clerk
cc:            Steven C. Mannion, U.S.M.J.
               Parties